UNITED STATES, Appellee,

v.

Mark J. MAYO, Specialist,
U.S. Army, Appellant.

No. 98–1022.
Crim.App. No. 9700501.

U.S. Court of Appeals for
the Armed Forces.

Argued March 3, 1999.

Decided July 1, 1999.

COX, C.J., delivered the opinion of the Court, in which SULLIVAN, CRAWFORD, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Captain Scott A. De La Vega* (argued); *Lieutenant Colonel Adele H. Odegard* and *Captain Kirsten V. Campbell–Brunson* (on brief).

For Appellee: *Captain Daniel G. Brookhart* (argued); *Colonel Russell S. Estey, Lieutenant Colonel Eugene R. Milhizer,* and *Major Patricia A. Ham* (on brief).

Chief Judge COX delivered the opinion of the Court.

Appellant was tried by a general court-martial consisting of officer and enlisted members, where he was convicted, pursuant to his pleas, of false swearing, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Contrary to his pleas, appellant was also convicted of assault consummated by a battery upon a child under the age of 16 years, in violation of Article 128, UCMJ, 10 USC § 928. The assault was committed on his 19–month-old son, who sustained a broken femur.

The members sentenced appellant to be reduced to E–1, to forfeit all pay and allowances, and to receive a bad-conduct discharge. The convening authority only approved so much of the sentence as provided for a bad-conduct discharge, forfeiture of $600 pay per month until final appellate action is complete, and reduction to E–1. The Court of Criminal Appeals affirmed in an unpublished decision.

We granted an issue that was personally raised by appellant, in which he asks us to rule that the evidence was legally insufficient to support his conviction for assault on a child. *See United States v. Grostefon,* 12 MJ 431 (CMA 1982).[1] We reject this assertion and affirm appellant's conviction.

---

1. We granted the following issue, as raised by appellant:

WHETHER THE FINDINGS OF GUILT ARE LEGALLY AND FACTUALLY INSUFFICIENT TO SUSTAIN A CONVICTION FOR ARTICLE 128.

Although we granted the issue as drafted above, we are only considering whether the evidence is

## FACTS

The evidence presented by the prosecution at appellant's trial consisted of several witnesses, as well as documents—including the victim's medical records. The treating pediatrician testified that the child's injury, a broken femur, was a serious injury that could result in death. The treating pediatrician also testified that appellant's first statement to the hospital—that his son injured his leg by falling out of the crib—was inconsistent with the severity of the child's injury.[2]

A Child Protective Services investigator, a social worker, and an investigator from the Killeen, Texas, police department testified to the different statements that appellant made and how his story about the way in which the injury occurred changed. These witnesses testified that appellant offered other versions, given subsequent to the "crib" version. All of these witnesses stated that appellant told each of them that he was playing with his son, that he tossed him into a large pile of clothing, and that his son landed wrong, breaking his leg. This "playing" version became his defense at trial. The other final version appellant gave was that he was frustrated his son would not go to sleep, so acting in anger, appellant picked him up and threw him to the ground.

Additionally, the Government presented limited testimony from the leader of appellant's anger-management group. He offered the opinion that appellant had an "aggressive personality," in direct rebuttal to defense testimony that appellant was a "good father." While perhaps no one piece of evidence here convicted appellant, certainly on the whole, the evidence was legally sufficient to support the members' finding that appellant assaulted his son. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

## THE LAW

Assault consummated by a battery on a child under 16 years is defined in the Manual for Courts–Martial, United States (1995 ed.), as:

> (i) That the accused did bodily harm to a certain person;
>
> (ii) That the bodily harm was done with unlawful force or violence; and
>
> (iii) That the person was then a child under the age of 16 years.

Para. 54b(3)(c), Part IV, Manual, *supra.*

An offer-type assault need not include the specific intent to inflict bodily harm.

> An "offer" type assault is an unlawful demonstration of violence, either by an intentional or by a culpably negligent act or omission, which creates in the mind of another a reasonable apprehension of receiving immediate bodily harm. Specific intent to inflict bodily harm is not required.

Para. 54c(1)(b)(ii).

"A 'battery' is an assault in which the ... offer to do bodily harm is consummated by the infliction of that harm." Para. 54(c)(2)(a).

Culpable negligence is a "degree of carelessness greater than simple negligence." It is further defined as "a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others of that act or omission." Para. 44c(2)(a)(i).

## DISCUSSION

First, it is clear that, if the court members accepted the testimony of the Killeen police department investigator that appellant stated he intentionally threw his son to the ground in anger because he would not fall asleep, then there is ample evidence to sustain the conviction of an intentional assault accompanied by a battery. Even if the members chose to accept appellant's assertion at trial that he injured his son accidentally, while tossing him into a pile of clothing as part of a game, there is still ample testimony to support his conviction. The intentional throwing of a 19–month–old child into a pile of clothes

legally sufficient because this Court's jurisdiction to review issues is limited to questions of law by Article 67, UCMJ, 10 USC § 867 (1994).

2. Incidentally, this was the same statement that appellant initially made to his next door neighbors.

on the floor, with sufficient force and from a sufficient height to fracture the child's femur, is an act that a reasonable factfinder could determine was culpably negligent. The intentional act of throwing the boy, combined with the resulting injury, completes the battery. These findings meet the standards for legal sufficiency necessary to sustain appellant's conviction.

The decision of the United States Army Court of Criminal Appeals is affirmed.